■ MARK WAGNER, Appellant, v JANE WAGNER, Respondent.—Order unanimously reversed on the law with costs and petition dismissed. Memorandum: Petitioner appeals from an

order of Family Court which modified two prior consent orders of maintenance by eliminating a durational limit and by directing petitioner to pay respondent $82.50 per week indefinitely. On appeal, petitioner contends that the court erred in extending petitioner's maintenance obligation indefinitely and in determining without a hearing that respondent lacked the mental capacity to consent to the prior support agreement and that she currently lacks the ability to be self-supporting.

The court incorrectly interpreted the prior orders of Family Court in determining that the two-year limit on maintenance established by the 1986 order did not survive the 1987 order. As demonstrated by the parties' stipulation entered in the divorce action, the 1987 order modified the 1986 order only with respect to the amount of maintenance, without affecting its duration.

The court improperly found that respondent lacked the mental capacity to agree to the two-year limit on maintenance. The issue of respondent's contractual capacity was improperly injected into the case *sua sponte* by the Hearing Examiner and the court. Neither in her "oral answer" to the petition nor in her objections to the Hearing Examiner's order did respondent assert mental incapacity per se. Rather, she focused on the alleged unconscionability of the agreement in view of her alleged inability to be self-supporting. Additionally, the record does not support the determination that respondent lacked the mental capacity to agree to a two-year limit on maintenance. In determining whether an agreement is voidable because of the incompetency of a party who has not been judicially declared incompetent, the test is whether that party was so deprived of her mental faculties as to be wholly unable to comprehend the nature of the transaction (*see generally*, 66 NY Jur 2d, Infants and Other Persons Under Legal Disability, § 109). Under that test, respondent's mental retardation does not automatically constitute contractual incapacity.

Finally, the court erred in modifying the prior order based on a finding that respondent is unable to be self-supporting. Petitioner brought this petition to terminate his maintenance obligation in accordance with the two-year limit contained in those prior orders. Respondent did not cross-petition for affirmative relief and, in particular, did not seek an order modifying the prior orders to eliminate the two-year limit and to obligate petitioner to pay maintenance indefinitely. That procedural deficiency compels reversal of the order appealed from insofar as it grants respondent affirmative relief (*see, Torre v*

*Torre,* 142 AD2d 942). Moreover, the court erred in modifying petitioner's maintenance obligation without conducting an evidentiary hearing *(Wyser-Pratte v Wyser-Pratte,* 66 NY2d 715, 716-717, *rearg denied* 66 NY2d 1036; *Leuer v Class,* 145 AD2d 963, 964; *Waby v Waby,* 143 AD2d 506, 507; *Torre v Torre, supra).* We therefore reverse with leave to respondent to seek modification of the prior orders to extend petitioner's support obligation. In the event that respondent seeks affirmative relief, the court must conduct an evidentiary hearing to determine whether respondent is unable to be self-supporting and is in danger of becoming a public charge, thus entitling her to be relieved from her agreement to the two-year limit on maintenance *(see,* Family Ct Act § 463; Domestic Relations Law § 236 [B] [3]; [9] [b]; General Obligations Law § 5-311). (Appeal from order of Erie County Family Court, Manz, J.— modification of support.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.