■ In the Matter of Luis F. Figueroa, Respondent, v Lydia M. Lopez, Appellant. Charles E. Andersen, as Law Guardian, Appellant. [851 NYS2d 689]—

Lahtinen, J. Appeal from an order of the Family Court of

Broome County (Pines, J.), entered February 23, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Respondent (hereinafter the mother) was awarded sole custody of the parties' child in September 2004 and, a year later, petitioner (hereinafter the father) filed a modification petition seeking custody. At the commencement of a hearing on the father's petition, the parties stipulated on the record to joint custody, with the mother having primary physical custody and the father receiving visitation. The Law Guardian stated that he did not consent to the terms of the stipulation and, when he attempted to explain his reasons, he was cut off by Family Court and not permitted to give his reasons. Following entry of an order based on the terms of the stipulation, the Law Guardian and the mother* appealed.

Although appointing a Law Guardian is not statutorily required in contested custody proceedings, doing so is the preferred practice (*see Matter of Robinson v Cleveland*, 42 AD3d 708, 710 [2007]) and such an appointment was important in this proceeding to protect the interests of the child (*see Matter of Miller v Miller*, 220 AD2d 133, 135 [1996]). Having made the appointment, Family Court cannot thereafter relegate the Law Guardian to a meaningless role (*see Frizzell v Frizzell*, 177 AD2d 825, 825-826 [1991]). We have previously observed that "a Law Guardian 'must be afforded the same opportunity as any other party to fully participate in a proceeding' " (*Matter of White v White*, 267 AD2d 888, 890 [1999], quoting *Matter of Machukas v Wagner*, 246 AD2d 840, 842 [1998], *lv denied* 91 NY2d 813 [1998] [emphasis omitted]).

Here, the Law Guardian stated that he did not consent to the stipulation. When he attempted to explain his reason, Family Court responded that it did not care. Family Court also characterized the Law Guardian's position as ridiculous, without allowing an explanation for his position to be placed on the record. The Law Guardian reportedly had obtained information (including possible domestic violence by the father) which made him concerned about unsupervised visitation by the father. Moreover, while not all improper restrictions imposed on a Law Guardian will result in reversal if the record indicates sufficient facts to uphold the determination (*see Matter of White v White*, 267 AD2d at 890; *see also Matter of Vickery v Vickery*, 28 AD3d 833, 834 [2006]; *Matter of Kaczynski v Van Amerongen*, 284 AD2d 600, 603 [2001]), this sparse record is inadequate. While

---

* The mother did not perfect her appeal and it is therefore deemed abandoned (*see Pahl v Grenier*, 279 AD2d 882, 883 n [2001]).

the Court is troubled by the fact that, despite a hearing transcript of two pages, this appeal took more than a year to perfect and was argued nearly two years from the date of the order appealed from, reversal is nonetheless required.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.