# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

490

CAF 11-02154

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF AMANDA J. MCDERMOTT,
PETITIONER-RESPONDENT-RESPONDENT,

V                                          MEMORANDUM AND ORDER

ANDREW JOHN BALE,
RESPONDENT-PETITIONER-RESPONDENT.
-------------------------------------------
SANFORD A. CHURCH, ESQ., ATTORNEY FOR THE
CHILDREN, APPELLANT.

---

SANFORD A. CHURCH, ATTORNEY FOR THE CHILDREN, ALBION, APPELLANT PRO SE.

MUSCATO, DIMILLO & VONA, L.L.P., LOCKPORT (P. ANDREW VONA OF COUNSEL), FOR PETITIONER-RESPONDENT-RESPONDENT.

JAMES D. BELL, BROCKPORT, FOR RESPONDENT-PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Orleans County (James P. Punch, J.), entered January 21, 2011 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted the parents joint custody of their children, with petitioner-respondent having primary physical residence.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this custody proceeding pursuant to Family Court Act article 6, the Attorney for the Children (AFC) appeals from an order granting the parties joint custody of their two children, with primary physical residence to petitioner-respondent mother and liberal visitation to respondent-petitioner father. The order incorporated the terms of a written stipulation executed by the parties on the eve of trial. The AFC refused to join in the stipulation, but Family Court approved the stipulation over the AFC's objection. We reject the AFC's contention that the court erred in approving the stipulation. Although we agree with the AFC that he " 'must be afforded the *same opportunity as any other party to fully participate in [the] proceeding*' " (*Matter of White v White*, 267 AD2d 888, 890), and that the court may not "relegate the [AFC] to a meaningless role" (*Matter of Figueroa v Lopez*, 48 AD3d 906, 907), the children represented by the AFC are not permitted to "veto" a proposed settlement reached by their parents and thereby force a trial. The

record reflects that, unlike in *Matter of Figueroa*, upon which the AFC relies, the court here gave the AFC a full and fair opportunity to be heard, and the AFC stated in detail all of the reasons that he opposed the stipulation. Indeed, the court gave credence to many of the comments made by the AFC, as did the attorneys for the parents, both of whom agreed to modify the stipulation to address several of the AFC's concerns.

We cannot agree with the AFC that children in custody cases should be given full-party status such that their consent is necessary to effectuate a settlement. The purpose of an attorney for the children is "to help protect their interests and to help them express their wishes to the court" (Family Ct Act § 241). There is a significant difference between allowing children to express their wishes to the court and allowing their wishes to scuttle a proposed settlement. We note that the court is not required to appoint an attorney for the children in contested custody proceedings, although that is no doubt the preferred practice (*see Matter of Amato v Amato*, 51 AD3d 1123, 1124; *Davis v Davis*, 269 AD2d 82, 85). Thus, there is no support for the AFC's contention that children in a custody proceeding have the same legal status as their parents, inasmuch as it is well settled that parents have the right to the assistance of counsel in such proceedings (*see* § 262 [a] [v]; *Matter of Kristin R.H. v Robert E.H.*, 48 AD3d 1278, 1279).

In sum, we conclude that, where the court in a custody case appoints an attorney for the children, he or she has the right to be heard with respect to a proposed settlement and to object to the settlement but not the right to preclude the court from approving the settlement in the event that the court determines that the terms of the settlement are in the children's best interests. Parents who wish to settle their disputes should not be required to engage in costly and often times embittered litigation merely because their children or the attorney for the children would prefer a different custodial arrangement.

Entered: April 27, 2012                                    Frances E. Cafarell
                                                          Clerk of the Court