# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1227**

**CAF 13-00873**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF MARY L. KESSLER, PETITIONER,

V                                                    MEMORANDUM AND ORDER

SCOTT M. FANCHER, RESPONDENT-RESPONDENT.
------------------------------------------------
SCOTT A. OTIS, ATTORNEY FOR THE CHILDREN,
APPELLANT.
(APPEAL NO. 2.)

---

SCOTT A. OTIS, WATERTOWN, APPELLANT PRO SE.

MARY L. KESSLER, PETITIONER PRO SE.

SCOTT M. FANCHER, RESPONDENT-RESPONDENT PRO SE.

---

Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered September 10, 2012 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition for modification of a custody order.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: The Attorney for the Children (AFC) appeals from a decision of Family Court dismissing various petitions filed by the parents of two minor children. We note at the outset that no appeal lies from a decision (*see Pecora v Lawrence*, 28 AD3d 1136, 1137). We exercise our discretion, however, to treat the notice of appeal as valid and deem the appeals as taken from the seven orders in the respective appeals that were entered upon the single decision (*see* CPLR 5520 [c]).

We conclude that the children are not aggrieved by the orders in appeal Nos. 1 and 3 through 6 inasmuch as those orders dismissed petitions filed by one parent alleging that the other parent had violated an order of custody or seeking a personal order of protection against the other parent (*see Matter of Lagano v Soule*, 86 AD3d 665, 666 n 4; *see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544-545; *Mixon v TBV, Inc.*, 76 AD3d 144, 148-149). Moreover, inasmuch as the AFC opposed the relief requested in the petition in appeal No. 7, we conclude that the children are not aggrieved by the order dismissing that petition. We therefore dismiss the AFC's appeals from the orders in appeal Nos. 1 and 3 through 7.

        With respect to the order in appeal No. 2, which dismissed the petition of Mary L. Kessler (mother) seeking modification of a custody order, the mother has not taken an appeal from that order.  The children, while dissatisfied with the order, cannot force the mother to litigate a petition that she has since abandoned (*see Matter of McDermott v Bale*, 94 AD3d 1542, 1543-1544).  As we wrote in *McDermott*, "children in custody cases should [not] be given full-party status such that their consent is necessary to effectuate a settlement . . . There is a significant difference between allowing children to express their wishes to the court and allowing their wishes" to chart the course of litigation (*id.* at 1543).  We thus affirm the order in appeal No. 2 and see no need to address the AFC's remaining contentions.

Entered:  December 27, 2013                   Frances E. Cafarell
                                              Clerk of the Court