Matter of Erica X. v Lisa X. (2020 NY Slip Op 01224)





Matter of Erica X. v Lisa X.


2020 NY Slip Op 01224


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

527838

[*1]In the Matter of Erica X., Respondent,
v
Lisa X. et al., Respondents. Attorney for the Child, Appellant.

Calendar Date: January 10, 2020

Before: Garry, P.J., Mulvey, Devine, Pritzker & Colangelo, JJ.


Peter J. Scagnelli, Albany, for appellant.
Joseph R. Williams, Albany, for Erica X., respondent.
Lawrence E. Becker, Albany, for Lisa X., respondent.
Carolyn Snyder Lemmon, Albany, for Jeannine Y., respondent.



Garry, P.J.
Appeal from an order of the Family Court of Albany County (Maney, J.), entered June 6, 2018, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the aunt) is the maternal aunt of the subject child (born in 2016). A March 2017 order gave joint legal and physical custody of the child to respondent Lisa X. (hereinafter the mother) and respondent Jeannine Y. (hereinafter the great aunt). In January 2018, the aunt filed a petition seeking custody of the child, claiming that she provided room, board, and care for both the child and the mother. All parties made an initial appearance in March 2018, represented by counsel. At this time, the aunt proposed that she and the mother would share joint legal custody of the child, the aunt would have primary physical custody, and the mother would have parenting time. Both the mother and the great aunt supported this proposal.[FN1] The attorney for the child (hereinafter the AFC) objected, citing allegations that an individual residing in the aunt's home had inappropriate sexual contact with the mother on two occasions. The AFC stated that, after the first occasion, a family offense proceeding against the individual had been resolved on consent by the issuance of a stay-away order of protection in favor of the mother against this individual, which had since expired. The AFC alleged that at the time of the appearance, the individual continued to reside with the aunt, and had again engaged in inappropriate sexual contact with the mother, while the order of protection was still in effect.
Family Court adjourned the proceeding. Approximately two months later, in May 2018, there was a second appearance.[FN2] At this time, noting that the mother was unable to care for the child due to an unspecified disability, Family Court proposed an arrangement, which would give the aunt sole legal and physical custody and the mother parenting time. Upon the consent of the mother, the aunt, and the great aunt, and over the objection of the AFC, Family Court entered an order to this effect. The AFC appeals.[FN3]
We must first note that, as a general rule, no appeal lies from an order entered on consent (see Matter of Lowe v Bonelli, 129 AD3d 1135, 1136 [2015]; Matter of Hardnett v John, 85 AD3d 1501, 1501 [2011]). Further, although Family Court cannot relegate the AFC to a meaningless role, the AFC cannot veto a proposed settlement reached by the parties, particularly after the AFC, as here, was given a full and fair opportunity to list objections to the proposed arrangement on the record (see Matter of McDermott v Bale, 94 AD3d 1542, 1543 [2012]; compare Matter of Figueroa v Lopez, 48 AD3d 906, 907 [2008]).
Here, however, we find substantial cause to question the validity of the mother's consent to Family Court's order. In the course of the appearances, the parties all appeared to acknowledge that the mother lacks the ability to care for the child on her own due to some disability, although the mother's attorney objected to such a characterization in the absence of a legal determination. The AFC expressed concern about the effect of this disability on the mother's "ability to . . . consent to anything." Further, Family Court stated that "[the mother is] not in a position to make decisions." In our view, this statement directly and expressly calls into question the mother's ability to consent to the modification order (see Wagner v Wagner, 156 AD2d 963, 964 [1989]). In this context, the troubling allegations of inappropriate sexual contact raised by the AFC are particularly serious and significant. Our limited record thus does not demonstrate that the mother's consent to the order was valid and, if not, that the court had "sufficient information to undertake a comprehensive independent review of the child's best interests" (Matter of Horowitz v Horowitz, 154 AD3d 1207, 1208 [2017] [internal quotation marks and citations omitted]).[FN4] Accordingly, in these highly unusual circumstances, we remit for a hearing and further development of the record on the issue of the mother's ability to consent, and, if necessary, as to whether the custody proposal meets the requisite standard of promoting the best interests of the child.
Mulvey, Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision, and, pending said proceedings, the terms of said order shall remain in effect on a temporary basis.



Footnotes

Footnote 1: Although not clearly stated upon the record, it appears that the great aunt was no longer capable of caring for the child.

Footnote 2: An attorney's conference was held in April 2018, but no record was made.

Footnote 3: The aunt and the mother filed briefs supporting Family Court's order, and the great aunt filed a brief supporting the AFC's position. The great aunt did not separately file a notice of appeal or raise any arguments that were not addressed in the AFC's appeal.

Footnote 4: There is reference to an investigation conducted pursuant to Family Ct Act § 1034; the report was apparently within the court's file, but was not made part of our record.