Matter of Joey L.F. v Jerid A.F. (2023 NY Slip Op 04046)

Matter of Joey L.F. v Jerid A.F.

2023 NY Slip Op 04046

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, AND OGDEN, JJ.

499 CAF 22-01591

[*1]IN THE MATTER OF JOEY L.F., PETITIONER,
v
JERID A.F., RESPONDENT-RESPONDENT. GARY MULDOON, ESQ., ATTORNEY FOR THE CHILD, APPELLANT. 

GARY MULDOON, ROCHESTER, ATTORNEY FOR THE CHILD, APPELLANT PRO SE.

 Appeal from an order of the Family Court, Niagara County (Erin P. DeLabio, J.), entered June 17, 2022, in a proceeding pursuant to Family Court Act article 8. The order granted the motion of respondent to dismiss the petition. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 8, petitioner filed a family offense petition on behalf of her son (subject child) against respondent. Respondent moved to dismiss the petition on the ground that it was facially insufficient. The Attorney for the Child (AFC) appeals from an order granting the motion.
We conclude that, under the circumstances of this case, the AFC lacks standing to bring an appeal on behalf of the subject child (cf. Matter of Sloma v Saya, 210 AD3d 1494, 1494 [4th Dept 2022]; see generally Matter of McDermott v Bale, 94 AD3d 1542, 1543 [4th Dept 2012]). Generally speaking, the legislature has "demonstrated [its] preference for natural guardians," such as petitioner, to represent their minor children in a proceeding (Bluntt v O'Connor, 291 AD2d 106, 113 [4th Dept 2002], lv denied 98 NY2d 605 [2002] [internal quotation marks omitted]; see Sutherland v City of New York, 107 AD2d 568, 568 [1st Dept 1985], affd 66 NY2d 800 [1985]; see generally CPLR 1201). Given that preference, we conclude that an AFC cannot, in most Family Court Act article 8 proceedings, unilaterally take an appeal where a parent or guardian who is an aggrieved party has not done so.
In this case, petitioner did not appeal even though it was her petition that was dismissed. We also note that there is no evidence that petitioner has "an interest adverse to the" subject child that would warrant termination of her role as guardian in the proceeding, thereby permitting the AFC to bring an appeal on the child's behalf (Bluntt, 291 AD2d at 113 [internal quotation marks omitted]; see generally Stahl v Rhee, 220 AD2d 39, 44 [2d Dept 1996]). To conclude that the AFC has standing to appeal where petitioner has not done so would effectively force a parent—the individual who originated the proceeding on the subject child's behalf—to litigate a position that they have abandoned (see generally Matter of Kessler v Fancher, 112 AD3d 1323, 1323-1324 [4th Dept 2013]). This would, in some cases, override a parent's reasonable decision-making authority. For instance, a parent who commenced a Family Court Act article 8 proceeding as the child's guardian may decide that further litigation is unwise because, to substantiate the petition, the child would have to testify and be retraumatized in the process. In short, absent unusual circumstances not present here, an AFC cannot overrule the decision-making authority of a parent, the party the legislature prefers to act as the child's guardian, and take an appeal where the parent has not done so. Consequently, because the AFC lacks standing here, we dismiss the appeal.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court