T.A.Mc. v C.D.P. (2024 NY Slip Op 24087)

[*1]

T.A.Mc. v C.D.P.

2024 NY Slip Op 24087

Decided on March 17, 2024

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 17, 2024
Supreme Court, Westchester County

T.A.Mc., Plaintiff,

against
C.D.P., Defendant.

Index No. 63430/2023

James L. Hyer, J.

The following documents, numbered 1 to 2, were considered in connection with Plaintiff's Order to Show Cause, dated March 1, 2023, seeking the entry of an order, inter alia, modifying the terms of the Judgment dated August 18, 2023, against Defendant directing Defendant to comply with the following:
1. To pay child support;
2. To pay maintenance;
3. To comply with equitable distribution;
4. Granting movant custody;
5. Granting movant visitation;
6. Other: There are two children of the marriage to wit: J.P. was born XX/XX/XX08, and resides with his mother in the State of New York. T.P. was born on XX/XX/XX17, residing in the country of Jamaica. The Supreme Court Westchester County has no jurisdiction over the child of the marriage because the child resides in Jamaica; and
7. Granting such other and further relief as this Court deems just and proper.
PAPERS NUMBERED
Order to Show Cause/Plaintiff's Affidavit in Support 1-2
RELEVANT FACTUAL AND PROCEDURAL
HISTORY
On July 6, 2023, Plaintiff commenced this matrimonial action with the filing of the following documents: (1) Summons with Notice; (2) Request for Judicial Intervention — Uncontested Matrimonial Action; (3) Certificate of Dissolution of the Marriage; (4) Affidavit of Defendant; (5) Note of Issue; (6) Affidavit of Plaintiff; (7) Affirmation of Regularity; (8) Part 130 Certification; (9) Findings of Fact & Conclusions of Law; and (10) Proposed Judgment of Divorce, (hereinafter collectively referred to as the "Plaintiff's Divorce Package").
Upon review of the documents, the Court takes note of the following:
1. Summons with Notice — This document was prepared and executed by Plaintiff and provides in part the following, "NOTICE: The nature of this action is to dissolve the marriage between the parties, on the grounds: DRL section 170 subdivision 7 — Irretrievable breakdown of relationship for at least six months of more."
2. Certificate of Dissolution of Marriage — This document was prepared by Plaintiff and includes the following information: (1) Date of Marriage: June 7, 2014; (2) Number of Children Ever Born Alive of this Marriage: 0; Number of Children Under 18 in this Family: 0.
3. Affidavit of Plaintiff — This sworn document was executed by Plaintiff before a New York Notary Public Lennard Stephen Joseph, License Number 01JO6339918, Qualified Kings County, Commission Expiring April 4, 2024 (hereinafter "Notary Stein"). This document includes the following statements:
"3. . . The Plaintiff and the Defendant were married on June 7, 2014. . .
* * *
5. There are no children of the marriage.
* * *
6. The grounds for the divorce in accordance with Subdivision [7] of Section 170 of the Domestic Relations Law are as follows: Irretrievable breakdown of relationship for at six months or more.
* * *
9. I am self-supporting, and I am not seeking maintenance. To my knowledge the Defendant is self-supporting and is not receiving public assistance.
* * *
10. . . . The parties have divided up the marital property, and no claim will be made by either party under equitable distribution. . . ."
9. Affidavit of Defendant — This sworn document was filed by Plaintiff and executed by Defendant before Notary Stein. This documents includes in paragraph fifth, "I am not seeking equitable distribution. I understand that I am waiving my right to equitable distribution, and in paragraph sixth, "I am self-supporting, and I am not seeking maintenance."
10. Affirmation (Affidavit) Of Regularity — This sworn document was filed by Plaintiff and executed by Plaintiff before Notary Stein. This document included the following statement, "I state under the penalties of perjury that the statements herein made are true, except as to such statements that are based on information and belief, which statements I believe to be true."
11. Part 130 Certification — This document was executed by Plaintiff including the following statement, "CERTIFICATION: I hereby certify that all of the papers that I have served, filed or submitted to the court in this divorce action are not frivolous as defined in subsection (c) of Section 130-1.1a of the Rules of the Chief Administrator of the Courts."
12. Proposed Findings of Fact & Conclusions of Law — This document was filed by Plaintiff, and includes the following language proposed by Plaintiff under the "Findings of Fact" portion of the document:
"SEVENTH: There are no children of the marriage.
EIGHTH: Neither party is seeking equitable distribution.
NINTH: Both parties are self supporting and not seeking maintenance.
* * *
ELEVENTH: The grounds for the divorce which are alleged in the Plaintiff's Affidavit are as follows: that the relationship between the Plaintiff and the Defendant has broken down irretrievably for a period of at least six months (DRL sec 170(7)
Under the "Conclusions of Law" portion of the document, the following language proposed by Plaintiff was included:
"THIRD: All economic issues of equitable distribution of marital property, the payment or waiver of spousal support, the payment of child support, the payment of counsel and expert's fees and expenses as well as the custody and visitation with the minor children of the marriage have been resolved by the parties or determined by the court and incorporated into the Judgment of Divorce."
13. Proposed Judgment of Divorce — This document was filed by Plaintiff and the following language proposed by Plaintiff was included:
"The Defendant has appeared and waived answer or response. Plaintiff presented written proof of facts within the Affidavit of Plaintiff and Verified Complaint. Any ancillary issues between the parties have been resolved. The court accepted Written Proof of non-military status. There are no children of the marriage.
* * *
ORDERED AND ADJUDGED that the marriage between the Plaintiff, [redacted] and the Defendant, [redacted] is hereby dissolved by reason of: That the relationship between the Defendant and the Plaintiff has broken down irretrievably for a period of six months (DRL Sec. 170 Subd. 7) as stated in the Plaintiff 's Affidavit and it is further:
* * *
ORDERED AND ADJUDGED that both parties are self supporting and not seeking maintenance and it is further
ORDERED AND ADJUDGED neither party is seeking equitable distribution and it is further"
On August 18, 2023, in the form and substance, prepared and filed by Plaintiff, the Court entered a Findings of Fact and Conclusions of Law, and Judgment of Divorce.
Over one-half year later, on March 1, 2024, Plaintiff filed Motion Sequence #2, which was conformed by the Court on March 5, 2024, directing the following: (1) by March 8, 2024, Plaintiff serve Defendant with Motion Sequence #2; (2) a return date be March 15, 2024, at 11:30 a.m.; and (3) a briefing schedule would be set at the return date if necessary.
On March 8, 2024, Plaintiff filed an Affidavit of Service. To date, no answering submissions were filed by Defendant.
On March 15, 2024, the case was called at the scheduled time and no appearances were made by the parties or any counsel appearing for the parties, and no requests for adjournments had been made pursuant to the Part Rules of the Hon. James L. Hyer, J.S.C.
FINDINGS OF FACT AND CONCLUSIONS OF LAW
This Court is presented with a troubling fact pattern wherein the Court takes judicial notice of the submissions made by the parties and is gravely concerned that a fraud may have [*2]been perpetrated upon the Court. The Second Department Appellate Division has noted the manner in which a Court may determine that a fraud on the Court has occurred:
""[A] court has inherent power to address actions which are meant to undermine the truth-seeking function of the judicial system and place in question the integrity of the courts and **106 our system of justice" (CDR Créances S.A.S. v. Cohen, 23 NY3d 307, 318, 991 N.Y.S.2d 519, 15 N.E.3d 274). "Fraud on the court involves willful conduct that is deceitful and obstructionistic, which injects misrepresentations and false information into the judicial process 'so serious that it undermines ... the integrity of the proceeding' " (id. at 318, 991 N.Y.S.2d 519, 15 N.E.3d 274, quoting Baba—Ali v. State of New York, 19 NY3d 627, 634, 951 N.Y.S.2d 94, 975 N.E.2d 475). "[I]n order to demonstrate fraud on the court, the nonoffending party must establish by clear and convincing evidence that the offending 'party has acted knowingly in an attempt to hinder the fact finder's fair adjudication of the case and his adversary's defense of the action' " (CDR Créances S.A.S. v. Cohen, 23 NY3d at 320, 991 N.Y.S.2d 519, 15 N.E.3d 274, quoting McMunn v. Memorial Sloan—Kettering Cancer Ctr., 191 F.Supp.2d 440, 445 [S.D.NY] ). "A court must be persuaded that the fraudulent conduct, which may include proof of fabrication of evidence, perjury, and falsification of documents concerns 'issues that are central to the truth-finding process' " (CDR Créances S.A.S. v. Cohen, 23 NY3d at 320—321, 991 N.Y.S.2d 519, 15 N.E.3d 274, quoting McMunn v. Memorial Sloan—Kettering Cancer Ctr., 191 F.Supp.2d at 445)." See, Bessa v. Anflo Industries, Inc., 51 N.Y.S.3d 102 [2d Dept 2017].
Fraud on the Court requires "that a party has sentiently set-in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." See, McMunn v. Memorial Sloan Kettering Cancer Center, 191 F. Supp.2d 440 (S.D. NY 2002], quoting, Aoude v. Mobile Oil Corp., 892 F.2d 1115, [1st Cir. 1989]. In the event a party has been found to have engaged in a fraud upon the Court, the Court may strike the pleadings of the offending party, the award of attorneys' fees or other reasonable costs incurred, precluding testimony or other sanction. See, CDR Creances S.A.S. v. Cohen, 991 N.Y.S.2d 519 [2014].
Here, Plaintiff's Divorce Package consisted of ten separate documents prepared, signed and filed by Plaintiff with this Court with the intent of securing the Court's entry of the Judgment of Divorce and Findings of Fact proposed by Plaintiff, resulting in the issuance of a Certificate of Dissolution of Marriage by the Court Clerk proposed by Plaintiff. Notably, two of the documents within Plaintiff's Divorce Package were executed by Plaintiff before a Notary Public; and Plaintiff further executed a Certification that all of the papers that Plaintiff served, filed or submitted to the Court in this divorce action are not frivolous as defined in subsection (c) of Section 130-1.1a of the Rules of the Chief Administrator of the Courts.
Upon review of Plaintiff's Divorce Package, no mention is made pertaining to any children of the marriage. To the contrary, Plaintiff expressly states that there are no children of the marriage in her sworn Plaintiff's Affidavit, as well as several documents which she prepared and/or executed including the proposed Findings of Fact and Conclusions of Law, proposed Judgment of Divorce, and proposed Certificate of Dissolution of the Marriage. In Motion Sequence #2, Plaintiff now asserts that there are in fact two minor children of the marriage J.P. [*3]residing in New York State and T.P. residing in the Country of Jamaica. While Plaintiff asserts in her application that this Court has no jurisdiction over T.P., she requests relief from Defendant including an award of custody, an award of visitation and an award of child support.[FN1]
Plaintiff's application further seeks an Order directing Defendant to comply with equitable distribution and to pay maintenance, despite the filing of Plaintiff's Affidavit to induce the Court to enter the Judgment of Divorce which she now seeks to modify, wherein she states under oath that she is not seeking maintenance or equitable distribution.
Assuming, in arguendo, that at the very least one ancillary issue arising out of the dissolution of the parties' marriage remained outstanding following the entry of the Judgment of Divorce in this matter, such as the custody and support issues pertaining to either or both J.P. and T.P., this Court lacked jurisdiction to enter the Judgment of Divorce as it was granted upon the ground of irretrievable breakdown of the parties marriage pursuant to New York State Domestic Relations Law § 170(7). See, Trbovich v. Trbovich, 997 N.Y.S.2d 855 [4th Dept 2014]; See Also, Schiffer v. Schiffer, 930 N.Y.S.2d 27 (Sup Ct, Dutchess County 2001); See Also, A.C. v. D.R., 927 N.Y.S.2d 496, [Sup Ct, Nassau 2011] (Courts are not permitted to bifurcate by awarding partial summary judgment on the issue of grounds for dissolution of a parties' marriage pursuant to DRL § 170(7) while later addressing the ancillary issues arising out of the dissolution of the parties' marriage.)
Most importantly, the Court is dismayed at the conduct of Plaintiff as the Courts are duty bound to protect children in actions or proceedings that come before them:
"It is the policy of the law to look after the interests of infants incapable of looking after their own affairs. (Natoli v. Bd. of Education, 101 N.Y.S.2d 128) From birth an infant is considered to be a ward of the state, the state standing in relation of parens patriae to infants and being virtually concerned with their welfare. (See Re Presler, 171 Misc. 559, 13 N.Y.S.2d 49; Re Hill, 199 Misc. 1035, 104 N.Y.S.2d 755; People v. Whitted, 124 N.Y.S.2d 189.)" See, Application of A.D. in Behalf of P.D., 493 N.Y.S.2d 404 [Sup Ct, Suffolk County 1985].
In the context of matrimonial actions involving minor children, Courts will seek to protect the children by meaningfully exploring what is in the best interests of the children before the Court and while not required to do so, the appointment of an attorney for the child[ren] in contested custody matters is recognized as the best practice. See, McDermott v. Bale, 943 N.Y.S.2d 708 [4th Dept 2012]. Courts are often further assisted by holding Lincoln Hearings, which are again not required but considered the best practice, to permit the Court to speak directly with the subject child[ren]. See, Benjamin v. Shantika W., 172 N.Y.S.3d 529 [4th Dept 2022].
To the extent that either or both J.P. and T.P. are issue of the marriage, Plaintiff's submission of Plaintiff's Divorce Package may amount to a scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense by preventing this Court from taking into consideration the most significant issue in this matter; being what is [*4]in the best interests of T.P. and J.P. with respect to custody, access and support. By initially failing to disclose the existence of T.P. and J.P., when this matter first came before this Court it did not address the vital issues of legal custody, physical custody and access, and a possible award of child support. The Court was further prevented from determining if the appointment of an attorney for the children was warranted and/or the holding of a Lincoln Hearing was necessary to make determinations pertaining to the children, thus inhibiting the Court from hearing the voices of T.P. and J.P. in this action. Thus, the Court was unable, subject to any jurisdictional restrictions, to ensure that the best interests of T.P. and J.P. were protected following the commencement of this action and following the entry of the judgment of divorce and T.P. and J.P. were not afforded the opportunity to meaningfully participate in this action. 
Based upon the foregoing, this Court is concerned that the course of conduct of Plaintiff in this action may be determined to have been a fraud upon this Court and shall schedule a hearing to determine: (1) if a fraud has been perpetrated against this Court, and if so, what the appropriate sanction will be imposed; and (2) what ancillary issues arising out of the dissolution of the parties' marriage remain outstanding and if so, what action this Court should take to address those issues. This Court will further appoint an attorney for T.P. and J.P. so that their voices may be heard in this action and that their best interests are further advanced through an advocate appointed to act in their behalf.
ACCORDINGLY, IT IS HEREBY:
ORDERED that Lisa Zeiderman, Esq., Miller Zeiderman, LLP, 140 Grand Street, 5th Floor, White Plains, New York 10601, 914-455-1000, is hereby appointed as attorney for the children T.P. and J.P., which shall be further set forth in a separate Order of Appointment; and it is further
ORDERED that Lisa Zeiderman, Esq., shall present to this Court prior to the Hearing date scheduled herein, an Affirmation setting forth her position as to if this Court has jurisdiction over T.P. and J.P.; and it is further
ORDERED that Motion Sequence #2 is hereby granted to the extent that a Hearing shall be held on April 1, 2024, at 9:00 a.m., to address the following issues: (1) if a fraud has been perpetrated against this Court, and if so, what the appropriate sanction will be imposed; and (2) what ancillary issues arising out of the dissolution of the parties' marriage remain outstanding and if so, what action this Court should take to address those issues; and it is further
ORDERED that by March 29, 2024, the parties shall engage in the following Pre-Motion Disclosure by filing with the Court and serving upon all opposing self-represented parties and/or counsel by overnight traceable delivery, with proofs of service being served upon the Court including copies of overnight delivery tracking slips, the following: (1) Witness List of all witnesses who will provide testimony at the Hearing, with the understanding that if witnesses are not timely disclosed they will be precluded from providing testimony at the Hearing; and (2) Exhibit List with copies of all exhibits, with the understanding that if exhibits are not timely disclosed and/or exchanged they will be precluded from being utilized at the Hearing; and it is further
ORDERED that by March 20, 2024, the attorney for the children shall by traceable overnight delivery serve a copy of this Decision and Order with a Notice of Entry on all parties and file proof of service with the Court including an Affidavit of Service with copies of the overnight tracking slips; and it is further
ORDERED that any relief requested not expressly granted herein is denied.
The foregoing constitutes the Decision and Order of the Court.
Dated: March 17, 2024
White Plains, New York
ENTER:
Hon. James L. Hyer, J.S.C.

Footnotes

Footnote 1:Notably, Plaintiff's Divorce Package includes a sworn statement of Plaintiff that the parties' date of marriage is June 7, 2014 and as J.P. was alleged to have a date of birth approximately six years prior to the parties' marriage, an issue of fact exists as to if J.P. is the Defendant's child as no such presumption arises as it would if J.P. were born during the course of the parties' marriage. See, Marilene S. v. David H., 882 N.Y.S.2d 155, [2d Dept 2009].