Matter of Muriel v Muriel (2024 NY Slip Op 03296)

Matter of Muriel v Muriel

2024 NY Slip Op 03296

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

410 CAF 23-00545

[*1]IN THE MATTER OF MEGHAN O. MURIEL, PETITIONER-RESPONDENT,
v
JUAN L. MURIEL, RESPONDENT-RESPONDENT. GARY MULDOON, ESQ., ATTORNEY FOR THE CHILD, APPELLANT. 

GARY MULDOON, ROCHESTER, ATTORNEY FOR THE CHILD, APPELLANT PRO SE.
JUAN L. MURIEL, RESPONDENT-RESPONDENT PRO SE.
MARYBETH D. BARNET, MIDDLESEX, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (Alecia J. Mazzo, J.), entered February 17, 2023, in a proceeding pursuant to Family Court Act article 6. The order, among other things, adjudged that respondent shall continue to have sole legal and physical custody of the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6 seeking modification of the parties' custody and visitation arrangement, the Attorney for the Child (AFC) representing the older child appeals, as limited by his brief, from an order insofar as it refused to award petitioner mother unsupervised visitation with the older child and instead continued the condition that the mother's parenting time with the older child and her younger sister be supervised by the maternal grandparents. We affirm.
Preliminarily, the AFC for the younger sister, who supports the determination that the mother's visitation remain supervised, contends that the appeal should be dismissed under our case law because the older child, while dissatisfied with the order, cannot unilaterally pursue an appeal in the absence of a perfected appeal by the mother. We reject that contention under the circumstances of this case.
Where, as here, an aggrieved parent in a custody and visitation proceeding pursuant to Family Court Act article 6 does not take or perfect an appeal, dismissal of an appeal by an AFC under the invoked case law is warranted only when it can be said that entertaining the appeal would "force the [aggrieved yet nonappellant parent] to litigate a petition that [they] ha[ve] since abandoned" (Matter of Kessler v Fancher, 112 AD3d 1323, 1324 [4th Dept 2013]; see Matter of Lawrence v Lawrence, 151 AD3d 1879, 1879 [4th Dept 2017]; see also Matter of Newton v McFarlane, 174 AD3d 67, 73 [2d Dept 2019]). That cannot be said in this case. The mother filed and served a notice of appeal but, after being denied poor person relief and assignment of counsel, the mother was unrepresented and unable to timely perfect her appeal. The mother nonetheless submitted a letter to us explaining that, despite her inability to obtain assigned or pro bono counsel in order to perfect her own appeal, she remained steadfast in her disagreement with Family Court's order. Therein, the mother expressed her support for the merits position taken by the AFC representing the older child. The mother also attempted to submit a brief in opposition to the brief of the AFC representing the younger sister, which we rejected on the ground that the mother is not an appellant. The mother subsequently moved for leave to file a brief wherein she [*2]reiterated her support for the position taken by the AFC representing the older child. Thus, it cannot be said that entertaining the appeal by the AFC representing the older child would "force the mother to litigate a petition that she has since abandoned," and we therefore conclude under the circumstances of this case that the appeal should not be dismissed (Kessler, 112 AD3d at 1324; see Matter of Amber B. v Scott C., 207 AD3d 847, 848 n 1 [3d Dept 2022]; Newton, 174 AD3d at 73; cf. Lawrence, 151 AD3d at 1879).
We nonetheless reject the contention of the AFC representing the older child that the court erred in refusing to award the mother unsupervised visitation with that child. "Generally, a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Matter of Muriel v Muriel, 179 AD3d 1529, 1529 [4th Dept 2020], lv denied 35 NY3d 908 [2020] [internal quotation marks omitted]). "Courts have broad discretion in determining whether visits should be supervised" (Matter of Campbell v January, 114 AD3d 1176, 1177 [4th Dept 2014], lv denied 23 NY3d 902 [2014]; see Muriel, 179 AD3d at 1531; Matter of Shaffer v Woodworth, 175 AD3d 1803, 1804 [4th Dept 2019]). Here, we conclude that there is a sound and substantial basis in the record supporting the court's determination that visitation should continue to be supervised (see Shaffer, 175 AD3d at 1804).
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court