Matter of Abdoch v Abdoch (2025 NY Slip Op 00746)

Matter of Abdoch v Abdoch

2025 NY Slip Op 00746

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, DELCONTE, AND KEANE, JJ.

59 CAF 24-00582

[*1]IN THE MATTER OF DAVID J. ABDOCH, PETITIONER-RESPONDENT,
v
FONDA D. ABDOCH, RESPONDENT-RESPONDENT.  ALISON BATES, ESQ., ATTORNEY FOR THE CHILDREN, APPELLANT. 

ALISON BATES, VICTOR, ATTORNEY FOR THE CHILDREN, APPELLANT PRO SE. 

 Appeal from an order of the Family Court, Monroe County (Deral D. Givens, J.), entered March 19, 2024, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted the parties joint custody of the subject children with designated zones of influence. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, the Attorney for the Children (AFC) appeals from an order that, inter alia, continued joint custody of the subject children but designated certain "zones of influence" for decision-making purposes. Contrary to the contention of the AFC, we find no basis in this record to depart from our prior case law holding that children in a custody matter do not have "full party status" (Matter of Lawrence v Lawrence, 151 AD3d 1879, 1879 [4th Dept 2017] [internal quotation marks omitted]; see Matter of McDermott v Bale, 94 AD3d 1542, 1543 [4th Dept 2012]). Here, neither parent has perfected an appeal from the subject order, and we conclude on the record before us that entertaining the appeal would force the aggrieved yet nonappellant parents to litigate a petition that they have since abandoned (cf. Matter of Muriel v Muriel, 228 AD3d 1345, 1346 [4th Dept 2024]). Under the circumstances of this case, we decline to permit the AFC to chart the course of the litigation, and we conclude that the appeal must be dismissed (see Lawrence, 151 AD3d at 1879).
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court