Matter of Jezrel C. (Elizabeth B.) (2025 NY Slip Op 01993)

Matter of Jezrel C. (Elizabeth B.)

2025 NY Slip Op 01993

Decided on April 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 3, 2025

CV-24-0780
[*1]In the Matter of Jezrel C. and Others, Alleged to be Neglected Children. Schenectady County Department of Social Services, Respondent; Elizabeth B., Appellant.

Calendar Date:February 19, 2025

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and Ceresia, JJ.

Sandra M. Colatosti, Albany, for appellant.
Christopher H. Gardner, County Attorney, Schenectady (Bethany M. Dixon of counsel), for respondent.
Lawrence E. Becker, Albany, attorney for the children.

Ceresia, J.
Appeal from an order of the Family Court of Schenectady County (Mark Blanchfield, J.), entered January 29, 2024, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent (hereinafter the mother) is the mother of the subject children (born in 2014, 2020 and 2022). In July 2023, petitioner received a hotline report that the mother was engaged in violent and dangerous behavior, including attempting to run over her paramour — the father of the two younger children — with her vehicle while the children were inside. After implementing a safety plan and obtaining temporary orders of protection on behalf of the children, petitioner commenced this neglect proceeding, alleging, among other things, that the mother placed the children at significant risk of harm by engaging in incidents of domestic violence in their presence. The mother initially entered a general denial, but ultimately consented to a finding of neglect and further consented to the terms of the proposed disposition, which required her to participate in mental health treatment and prohibited her from being together with the paramour in the presence of the children. An order of fact-finding and disposition was entered, and Family Court issued separate orders of protection and supervision. The mother appeals.
Generally, "[n]o appeal lies from an order entered upon the consent of the appealing party, since a party who consents to an order is not aggrieved thereby" (Matter of Adam V. v Ashli W.,180 AD3d 1205, 1206 [3d Dept 2020] [internal quotation marks and citation omitted]; see Matter of Adam O. v Tracie P.,188 AD3d 1312, 1313 [3d Dept 2020]). The appealing party is "not precluded from bringing a challenge to such orders, but instead must do so in the first instance by filing a motion to vacate the order, thus providing Family Court with an opportunity to consider and correct any deficiencies" (Matter of Vicktoriya DD. [Daniel EE.],172 AD3d 1473, 1474 [3d Dept 2019]; see Matter of Dimitry E. [Clarissa E.], 177 AD3d 1223, 1224 [3d Dept 2019]).
The mother does not dispute that these principles are controlling. Rather, conceding that her attorney did not move to vacate the consent order, her sole argument on appeal is that counsel was ineffective for failing to do so. However, the mother has not identified any reason as to why the failure to seek vacatur constituted ineffective assistance. For example, she does not challenge the voluntariness of her consent (compare Matter of Erica X. v Lisa X., 180 AD3d 1187, 1189 [3d Dept 2020]), nor does she argue that the order differed from or exceeded her consent (compare Matter of Jordan v Horstmeyer, 152 AD3d 1097, 1098 [3d Dept 2017]; see also Matter of Armani KK. [Deborah KK.], 81 AD3d 1001, 1001-1002 [3d Dept 2011], lv denied 16 NY3d 711 [2011]). "In the absence of any nonspeculative basis in the record upon which to conclude that there were grounds [*2]for a motion to vacate . . . , counsel cannot be faulted for failing to make a motion that has little or no chance of success" (Matter of Ritter v Moll, 148 AD3d 1427, 1429 [3d Dept 2017] [internal quotation marks and citations omitted]).
Egan Jr., J.P., Aarons, Pritzker and Lynch, JJ., concur.
ORDERED that the appeal is dismissed, without costs.