Matter of Amber B. v Scott C. (2022 NY Slip Op 04340)

Matter of Amber B. v Scott C.

2022 NY Slip Op 04340

Decided on July 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 7, 2022

533977
[*1]In the Matter of Amber B., Respondent,
v
Scott C., Respondent. Attorney for the Child, Appellant. (Proceeding No. 1.)
In the Matter of Deborah D., Respondent,
v
Amber B., Respondent, et al., Respondent. Attorney for the Child, Appellant. (Proceeding No. 2.)

Calendar Date:May 26, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Jane M. Bloom, Monticello, attorney for the child, appellant.
Lindsay H. Kaplan, Kingston, for Amber B., respondent.
Deborah D., Monticello, respondent pro se.

Garry, P.J.
Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered August 12, 2021, which, among other things, dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for custody of respondents' child.
Amber B. (hereinafter the mother) and respondent Scott C. are the parents of one child (born in 2015). In May 2017, Family Court entered an order of custody on consent, providing for, among other things, joint legal and physical custody between the mother and Scott C. Since that time, the child has resided primarily with petitioner Deborah D. (hereinafter the grandmother), the child's paternal grandmother. In August 2020, the mother commenced proceeding No. 1, seeking to modify the May 2017 order by awarding her sole custody. In November 2020, the grandmother commenced proceeding No. 2, seeking custody of the child. Following fact-finding and Lincoln hearings, Family Court granted the mother's petition, awarding her sole legal and physical custody, and dismissed the grandmother's petition, finding that she had failed to demonstrate that extraordinary circumstances existed that would give her standing to seek custody of the child; however, the court concluded that the best interests of the child would be served by an award of visitation to the grandmother. The attorney for the child (hereinafter AFC) appeals.[FN1]
"'[W]here a grandparent of a minor child can demonstrate to the satisfaction of the court the existence of extraordinary circumstances, such grandparent may apply to [F]amily [C]ourt for custody,' and the court 'may make such directions as the best interests of the child may require, for custody rights for such grandparent in respect to such child'" (Matter of Suarez v Williams, 26 NY3d 440, 447 [2015] [brackets and ellipses omitted], quoting Domestic Relations Law § 72 [2] [a]; see Matter of Anne MM. v Vasiliki NN., 203 AD3d 1476, 1478 [2022]). "[T]he nonparent seeking custody bears a heavy burden of establishing the existence of extraordinary circumstances" (Matter of Mildred PP. v Samantha QQ., 110 AD3d 1160, 1161 [2013]; see Matter of Jennifer BB. v Megan CC., 150 AD3d 1340, 1341 [2017]). As pertinent here, a grandparent may demonstrate extraordinary circumstances by showing that there has been an "extended disruption of custody" (Domestic Relations Law § 72 [2] [a]) such a circumstance specifically includes, but is not limited to, a prolonged separation of the parents and the child for at least 24 months — although a court may find extraordinary circumstances in a shorter time frame — during which the parents "voluntarily relinquished care and control of the child" while the child resided in the grandparent's household (Domestic Relations Law § 72 [2] [b]). Whether there has been such a voluntary relinquishment "is based upon the totality of the circumstances and consideration of the extent that the grandparent is, in essence, acting as a parent with primary physical custody[*2]. The key is whether the parent makes important decisions affecting the child's life, as opposed to merely providing routine care on visits" (Matter of Karen Q. v Christina R., 170 AD3d 1446, 1448 [2019] [internal quotation marks and citation omitted]; see Matter of Donna SS. v Amy TT., 149 AD3d 1211, 1213 [2017]). Family Court's determination will not be disturbed if it is supported by a sound and substantial basis in the record (see Matter of Nicole L. v David M., 195 AD3d 1058, 1061-1062 [2021]; Matter of Mildred PP. v Samantha QQ., 110 AD3d at 1161-1162).
Here, although the child has primarily resided with the grandmother since he was approximately one year old, the mother has maintained a continuous presence in the child's life. The mother has retained control of important decision-making for the child, including the child's medical care, health insurance and enrollment in school (see Matter of Donna SS. v Amy TT., 149 AD3d at 1214; Matter of Brown v Comer, 136 AD3d 1173, 1175 [2016]; compare Matter of Suarez v Williams, 26 NY3d at 452; Matter of Aida B. v Alfredo C., 114 AD3d 1046, 1049 [2014]). There was a period in which the mother moved to Pennsylvania; notably, during this period, she obtained a degree leading to a professional license and gainful employment (see Matter of Gale v Gray, 39 AD3d 903, 905 [2007]; Matter of Cote v Brown, 299 AD2d 876, 878 [2002]). Most significantly, even during that period of separation, the record supports the finding that she maintained regular contact, visitation and connection with the child.
The grandmother has been a significant source of support and has clearly made a substantial positive impact on the child's life. Without this support, the child's life would have been tumultuous. The AFC emphasizes the psychological bonding between the grandmother and the child, and we recognize the importance of that bond. Nonetheless, "[a] parent cannot be displaced merely because the child has bonded psychologically with a nonparent" (Matter of Sellers v Brown, 155 AD3d 1047, 1049 [2017], lv denied 31 NY3d 901 [2018]; see Matter of Cortright v Workman, 304 AD2d 862, 863 [2003]). Accordingly, Family Court's determination that the grandmother did not demonstrate extraordinary circumstances is supported by a sound and substantial basis in the record (see Matter of Hawkins v O'Dell, 166 AD3d 1438, 1440-1441 [2018]; Matter of Cortright v Workman, 304 AD2d at 863; compare Matter of Karen Q. v Christina R., 170 AD3d at 1449).[FN2]
Finally, absent a determination of extraordinary circumstances, an inquiry relative to the child's best interests is not allowed, and Family Court appropriately limited its determination as to the grandmother's petition in that respect (see Matter of Anne MM. v Vasiliki NN., 203 AD3d at 1479). However, it bears noting that Family Court did expressly grant the grandmother regular weekly visitation, recognizing the critical role she has played and the importance that she remain present [*3]in the child's life.
Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The AFC is authorized to take this appeal. Although the grandmother did not appeal, she has submitted a letter brief in support of the AFC's position (see Matter of Newton v McFarlane, 174 AD3d 67, 73 [2019]; see also Matter of Erica X. v Lisa X., 180 AD3d 1187, 1189 n 3 [2020]; compare Matter of Lawrence v Lawrence, 151 AD3d 1879, 1879 [2017]).

Footnote 2: To the extent that the grandmother's letter brief to this Court contains assertions based on matters outside the record, those factual claims are not properly before us and we do not consider them (see Matter of Honeyford v Luke, 186 AD3d 1049, 1050 [2020]; Matter of Harry P. v Cindy W., 48 AD3d 1100, 1100 [2008]).