Matter of Leslie LL. v Robert NN. (2022 NY Slip Op 05189)

Matter of Leslie LL. v Robert NN.

2022 NY Slip Op 05189

Decided on September 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 15, 2022

530978
[*1]In the Matter of Leslie LL. et al., Appellants,
v
Robert NN., Respondent. (Proceeding No. 1.) (And Another Related Proceeding.)
In the Matter of Abderrahim KK. et al., Appellants,
v
William QQ. et al., Respondents. (Proceeding No. 3.) (And Another Related Proceeding.)
In the Matter of Leslie LL. et al., Appellants,
v
William QQ., Respondent. (Proceeding No. 5.) (And Another Related Proceeding.)
In the Matter of Abderrahim KK. et al., Appellants,
v
William QQ. et al., Respondents. (Proceeding No. 7.) (And Another Related Proceeding.)

Calendar Date:August 18, 2022

Before:Garry, P.J., Lynch, Aarons, Ceresia and Fisher, JJ.

Meth Law Offices, Chester (Michael D. Meth of counsel), for appellants.
Alexandra G. Verrigni, Rexford, for Robert NN., respondent.
Karen R. Crandall, Schenectady, for William QQ., respondent.
Kent J. Gebert, Schenectady, for Kathy OO., respondent.
Sandra M. Colatosti, Albany, for Shaquila PP., respondent.
Elena Jaffe Tastensen, Saratoga Springs, attorney for the children.

Ceresia, J.
Appeal from an order of the Family Court of Schenectady County (Mark W. Blanchfield, J.), entered January 8, 2020, which, among other things, dismissed petitioners' applications, in eight proceedings pursuant to Family Ct Act article 6, for custody of the subject children.
The instant proceedings pertain to the custody of two half siblings, a girl and a boy (born in 2003 and 2013, respectively). From birth, the children resided with their mother, Christine MM. (hereinafter the mother). The mother never married the fathers of the children — respondents Robert NN. (hereinafter the girl's father) and William QQ. (hereinafter the boy's father) — and it appears from the record that neither father ever had legal orphysical custody of the children. Between 2008 and 2013, the mother was married to petitioner Abderrahim KK. (hereinafter the stepfather). After the mother and the stepfather divorced, the stepfather married petitioner Leslie LL., but continued to provide financial support to the mother. Petitioners had ongoing contact with the children, particularly the boy.
Following the mother's death in 2017, custody petitions were filed by petitioners; the mother's friend, respondent Shaquila PP. (hereinafter the friend); and the children's maternal grandmother, respondent Kathy OO. (hereinafter the grandmother). At the first court appearance on the petitions,Family Court awarded temporary custody of the children to the friend, and later granted temporary custody to the grandmother, upon consent of the children's fathers and the friend. The boy's father subsequently moved to dismiss the petitions filed by petitioners (hereinafter the subject petitions) for lack of standing, and that motion was joined by the girl's father, the friend, and the grandmother. Family Court denied the motion, finding that petitioners had established standing by setting forth sufficient allegations of extraordinary circumstances that, if true, would warrant consideration of what custodial arrangement would be in the children's best interests. The court went on to order a bifurcated fact-finding hearing relative to those issues.
Family Court conducted the first portion of the hearing over seven nonconsecutive days in 2018 and 2019 and ultimately dismissed the subject petitions on the basis that petitioners had failed to meet their burden of demonstrating extraordinary circumstances. Petitioners appeal, and we affirm.[FN1]
Preliminarily, contrary to petitioners' contention, Family Court's denial of the motion to dismiss the subject petitions for lack of standing did not establish, under the doctrine of law of the case, that petitioners had met their burden of demonstrating extraordinary circumstances. Rather, Family Court merely assumed the allegations in the petition to be true for purposes of the motion regarding standing (see Matter of Mary BB. v George CC., 141 AD3d 759, 760 [3d Dept 2016]), and did not actually resolve the issue on the merits (see Transamerica Commercial [*2]Fin. Corp. v Matthews of Scotia, 198 AD2d 569, 570 [3d Dept 1993]). Further, petitioners' contention that Family Court erroneously precluded a psychologist's testimony and report is unpreserved, given that petitioners' counsel withdrew his request to have this evidence admitted (see CPLR 5501 [a] [3]; Matter of Matthews v Annucci, 175 AD3d 1713, 1714 [3d Dept 2019]).
Turning to the merits, where, as here, a parent makes a voluntary custodial arrangement for his or her child, the courts may not permit a nonparent to interfere with that arrangement in the absence of extraordinary circumstances (see Matter of Lawrence v Lawrence, 275 AD2d 985, 985 [4th Dept 2000]). An extraordinary circumstances inquiry involves "consideration of the cumulative effect of all issues present in a given case" and requires the nonparent to establish "that there has been surrender, abandonment, persistent neglect, unfitness, an extended disruption of custody" or other like circumstances (Matter of Jared MM. v Mark KK., 205 AD3d 1084, 1086-1087 [3d Dept 2022] [internal quotation marks and citations omitted]). "If, and only if, the nonparent establishes extraordinary circumstances may a court then consider what custodial arrangement serves the best interests of the child" (Matter of Hawkins v O'Dell, 166 AD3d 1438, 1440 [3d Dept 2018] [internal quotation marks, brackets and citations omitted]).
The boy's father testified at the hearing that he consistently paid child support to the mother while she was alive and saw the boy frequently during those years, as often as two to three times a week. The boy's father also testified that he is unable to assume custody because he has physical disabilities and lives in public housing that does not allow children. Therefore, following the mother's death, the boy's father formulated a plan for the boy to live with the grandmother along with his sister, with whom he has a close bond. According to the boy's father, he currently visits with the boy every weekend and attends all of his athletic events. In addition to this testimony, Family Court noted that the children have been the only constant in each other's lives and are very close. The court further observed that the children are being raised together by the grandmother in a loving home.
Petitioners, for their part, offered testimony as to their close bond with the boy. However, "extraordinary circumstances may not be established merely by showing that the child has bonded psychologically with the nonparent" (Matter of Thompson v Bray, 148 AD3d 1364, 1365 [3d Dept 2017] [internal quotation marks and citations omitted]). Petitioners also argued that, contrary to the boy's father's testimony, the boy's father was not actively involved in the boy's life. Nevertheless, deferring to "Family Court's superior position to evaluate the testimony and assess witness credibility" (Matter of Devin W. v Jessica X., 204 AD3d 1111, 1112 [3d Dept 2022] [internal quotation marks and citations omitted[*3]]), we find that there is a sound and substantial basis in the record to conclude that petitioners failed to meet their burden of demonstrating extraordinary circumstances (see Matter of Hawkins v O'Dell, 166 AD3d at 1440-1441).
Garry, P.J., Lynch, Aarons and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Petitioners have indicated in their brief that they are not pursuing custody of the girl, given that she has expressed a desire to remain with the grandmother. In any event, we note that the appeal is moot with respect to the girl, inasmuch as she turned 18 during the pendency of the appeal (see Vickie F. v Joseph G., 195 AD3d 1064, 1065 n 3 [3d Dept 2021).