Matter of Michelle EE. v John EE. (2025 NY Slip Op 01019)

Matter of Michelle EE. v John EE.

2025 NY Slip Op 01019

Decided on February 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 20, 2025

CV-23-1228
[*1]In the Matter of Michelle EE., Respondent,
v
John EE., Appellant. Attorney for the Child, Appellant.

Calendar Date:January 13, 2025

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Alderman and Alderman, PLLC, Syracuse (Richard B. Alderman of counsel), for John EE., appellant.
Lisa K. Miller, McGraw, attorney for the child, appellant.
Andrea J. Mooney, Ithaca, attorney for the child.
Tracy A. Donovan Laughlin, Cherry Valley, attorney for the child.

Mackey, J.
Appeal from an order of the Family Court of Broome County (Veronica Gorman, J.), entered June 26, 2023, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are theparents of the children who are the subjects of this proceeding (born in 2006 [hereinafter the oldest child],[FN1]
2008 [hereinafter the middle child] and 2012 [hereinafter the youngest child]). An order of custody was entered in September 2020 that granted the father sole custody of the children. The mother was granted parenting time on the first three Sundays of every month and was also ordered to undergo a parenting class and an anger management class. An October 2021 order (hereinafter the prior order) continued sole custody of the children with the father but expanded the mother's parenting time to include every other weekend from 10:00 a.m. Saturday to 5:00 p.m. Sunday, a seven-day vacation with the children, and such other parenting time that may be agreed upon by the parties. The mother was ordered to continue to engage in mental health counseling and to follow through with all treatment and recommendations. Additionally, under the terms of the prior order, the mother has access to the children's educational and medical records.
In June 2022, the mother filed a modification petition seeking joint custody of the children and an increase in her parenting time. Family Court conducted a fact-finding hearing and a Lincoln hearing with each child. Following the close of the mother's proof, the father moved to dismiss the mother's petition, claiming that she had failed to establish a change in circumstances. His motion was denied. At the close of all proof, the father renewed his motion to dismiss. Family Court again denied the motion and, among other things, modified the order to provide the mother with expanded parenting time and extended communication concerning the children's schedules and events, while continuing sole custody with the father. The father appeals.[FN2]

Initially, we disagree with the father's contention that the mother failed to sustain her burden on the threshold issue of whether there had been a sufficient change in circumstances since the prior order to warrant a review of the custody issue (see Matter of Virginia OO. v Alan PP., 214 AD3d 1045, 1046 [3d Dept 2023]). The evidence at the fact-finding hearing established that while the father allowed the mother to have parenting time as provided in the prior order, he consistently refused to allow her any additional parenting time, despite repeated requests for additional time on holidays, birthdays, snow days, school ceremonies and in any other instance that was not specifically provided for in the prior order. The mother did testify that she was provided with additional time for one hour on the youngest child's birthday, but only after she made [*2]repeated requests and forfeited a day of her vacation time in August. The mother testified that the father has been unwilling to grant any makeup time when events, such as extracurricular activities, have inhibited her parenting time. She also testified that the father refused her request to take the middle child to buy a dress and to do her hair for her ninth grade moving up ceremony. According to the mother, the father also refused to allow her to take the middle child to a relative's bridal shower. The record further reflects that the father was unwilling to affirmatively provide the mother with the relevant information and schedules he received affecting the children, especially information about the children's school functions. Regarding her mental health evaluation, the mother testified that she underwent the evaluation as part of the prior custody order. Although the mental health evaluation yielded no diagnosis, the mother has been attending counseling for emotional issues. Accordingly, we conclude that the record supports Family Court's finding of a change in circumstances (see Matter of Ronald EE. v Crystal F., 180 AD3d 1160, 1161 [3d Dept 2020], lv denied 35 NY3d 908 [2020]).[FN3]

After finding that a change in circumstances had occurred since the entry of the prior order, Family Court proceeded to a best interests analysis that, contrary to the father's contention, appropriately weighed "the past performance and relative fitness of the parents, their willingness to foster a positive relationship between the children and the other parent, their fidelity to prior court orders and their ability to both provide a stable home environment and further the children's overall well-being" (Matter of Jennifer VV. v Lawrence WW., 186 AD3d 946, 948 [3d Dept 2020] [internal quotation marks, brackets and citation omitted]). "Family Court has broad discretion in fashioning a parenting schedule that is in the best interests of the child[ren], and it is well settled that the court's findings in this regard are entitled to great deference unless they lack a sound and substantial basis in the record" (Matter of Ryan XX. v Sarah YY., 175 AD3d 1623, 1625 [3d Dept 2019] [internal quotation marks and citations omitted]; see Matter of Paul Y. v Patricia Z., 190 AD3d 1038, 1042 [3d Dept 2021]). "[T]he best interests of the children generally lie with a healthy, meaningful relationship with both parents and . . . expanded parenting time is generally favored, unless there is proof that such parenting time would be inimical to the welfare of the children" (Matter of Benjamin V. v Shantika W., 207 AD3d 1017, 1020 [3d Dept 2022] [internal quotation marks and citations omitted] accord Matter of Steven OO. v Amber PP., 227 AD3d 1154, 1156 [3d Dept 2024]). "Although not determinative, the wishes of the child[ren] are entitled to considerable weight, in light of [their] age[s]" (Matter of Turner v Turner, 166 AD3d 1339, 1340 [3d Dept 2018] [citations omitted]; see Matter of [*3]Chad KK. v Jennifer LL., 219 AD3d 1581, 1584 [3d Dept 2023]).
The record provides the requisite sound and substantial basis for Family Court's determination to provide the mother more regular and frequent access to the children by awarding her alternate weekends from Friday after school until Monday after school, equal sharing of school breaks, the sharing of holidays and two nonconsecutive weeks of vacation. The mother has demonstrated a willingness to be present in the children's lives by seeking additional time with them and trying to resolve her past issues. Importantly, the parenting schedule crafted by Family Court reflects that the interests of the children were factored into the schedule. The order also directs for streamlined communication between the two parties to enhance their ability to schedule around the children's extracurricular events and medical appointments. "We find that the modified arrangement was well within the court's broad discretion in fashioning a parenting schedule that is in the best interests of the children" (Matter of Jennifer VV. v Lawrence WW., 186 AD3d at 950 [internal quotation marks, brackets and citations omitted]).[FN4] At oral argument, the father's counsel and the attorney for the middle child argued that circumstances have changed since entry of the order appealed from, resulting in the filing of new petitions in Family Court. Because the new issues raised are not reflected in the record on appeal, however, we are unable to consider them in rendering our decision, but we note that nothing contained herein should be read as precluding Family Court from modifying the custody arrangement and parenting schedule should it determine that a further change in circumstances has occurred. The father's remaining contentions have been considered and found to be lacking in merit.
Egan Jr., J.P., Clark, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1:As the oldest child turned 18 during the pendency of this appeal, any issues of custody or visitation with respect to this child are moot (see Matter of Leslie LL. v Robert NN., 208 AD3d 1479, 1480 n [3d Dept 2022]; Vickie F. v Joseph G., 195 AD3d 1064, 1065 n 3 [3d Dept 2021]). Accordingly, the appeal of the attorney for the oldest child must be dismissed (see Family Ct Act § 651 [a] [b]; Matter of Cokely v Crocker, 157 AD3d 1033, 1034 [3d Dept 2018]).

Footnote 2:The attorney for the middle child urges this Court to "affirm the Family Court's grant of sole custody to the father," but to modify "so as to provide some flexibility in the visitation schedule, allowing [the middle child] to occasionally skip a visit with her mother," and the attorney for the youngest child urges modification "to allow the [youngest child] to have input as to the visitation and parenting time [schedule]."

Footnote 3:We likewise find that the record supports Family Court's denial of the father's initial motion to dismiss (see Matter of Shayne FF. v Julie GG., 221 AD3d 1202, 1206 [3d Dept 2023]; Matter of Virginia OO. v Alan PP., 214 AD3d 1045, 1046-1047 [3d Dept 2023]).

Footnote 4: