Matter of Amber VV. v Colleen WW. (2025 NY Slip Op 01137)

Matter of Amber VV. v Colleen WW.

2025 NY Slip Op 01137

Decided on February 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 27, 2025

CV-23-0059
[*1]In the Matter of Amber VV., Respondent,
v
Colleen WW., Appellant, and Joshua WW., Respondent.

Calendar Date:January 8, 2025

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Lora J. Tryon of counsel), for appellant.
Theresa M. Suozzi, Saratoga Springs, for Amber VV., respondent.
Kenneth M. Tuccillo, Hastings on Hudson, for Joshua WW., respondent.
Vicki J. Prager, Northville, Attorney for the Child.

Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Fulton County (Gerald McAuliffe Jr., J.), entered December 8, 2022, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent Joshua WW. (hereinafter the father) are the parents of the subject child (born in 2018). In June 2021, Family Court entered an order of custody on consent, providing for, among other things, joint legal custody between the parents and respondent Colleen WW. (hereinafter the grandmother), with the grandmother having primary physical custody of the child. In November 2021, the mother commenced this proceeding seeking, as relevant here, to modify the order by awarding her custody of the child. Following a fact-finding hearing, Family Court entered an order where, among other things, it determined that the grandmother failed to demonstrate the existence of extraordinary circumstances necessary to give her standing to seek custody of the child. The grandmother appeals.[FN1]
"A parent has a claim of custody to his or her child that is superior to all other persons, unless a nonparent establishes that there has been surrender, abandonment, persistent neglect, unfitness, an extended disruption of custody or other like extraordinary circumstances" (Matter of Ronda A. v Jennifer A., 224 AD3d 1130, 1131 [3d Dept 2024] [internal quotation marks and citations omitted]). In order to demonstrate standing to seek custody against a child's parent, a grandparent must prove the existence of extraordinary circumstances (see Matter of Suarez v Williams, 26 NY3d 440, 448 [2015]). "A prior consent order, standing alone, does not constitute a judicial finding or an admission of surrender, abandonment, unfitness, neglect or other extraordinary circumstances" (Matter of Christy T. v Diana T., 156 AD3d 1159, 1160 [3d Dept 2017] [internal quotation marks, brackets and citations omitted]). As the parties consented to the prior custody order, the grandmother now bears the heavy burden of proving extraordinary circumstances and, thus, that she has standing to seek custody of the child (see Matter of Lisa F. v Thomas E., 211 AD3d 1367, 1368 [3d Dept 2022]; Matter of Jared MM. v Mark KK., 205 AD3d 1084, 1087 [3d Dept 2022]).
At the fact-finding hearing, the grandmother and the mother testified and certified copies of the child's medical records were admitted. The proof at the hearing established that the mother, the father and the grandmother resided together from the child's birth until June 2021. It is undisputed that during the period that the mother, the father and the grandmother resided together, the mother was the primary caretaker of the child including feeding, bathing and taking the child to doctor and dentist appointments. However, in June 2021, the grandmother sought custody of the child primarily due to the father's incarceration and her concern regarding the child's health, specifically [*2]the child's weight, teeth and developmental issues, and the consent order awarding her same was entered. Once the grandmother obtained custody, she and the child moved into her partner's residence. Only a five-month period passed from the June 2021 consent order to the mother's petition seeking custody of the child. Between the time of the mother's petition and the 2022 order, the record reflects that the mother actively pursued contact with and involvement in the child's life and did not abdicate her parental rights and responsibilities; as such, it supports the finding that there was no extended disruption of custody (see Matter of Amber B. v Scott C., 207 AD3d 847, 849 [3d Dept 2022]; Matter of Donna SS. v Amy TT., 149 AD3d 1211, 1215 [3d Dept 2017]).
The child's medical records reveal that when the grandmother initially brought the child to the physician after obtaining custody, the child did have some dental issues but, other than that, he "appear[ed] healthy and well developed" and had appropriate immunizations. As to the grandmother's concerns regarding the child's development, we note that she did not take the child for a developmental evaluation until September 2022, 15 months after she obtained custody, and well into the period encompassing the present litigation, at which time the child was diagnosed with attention deficit hyperactivity disorder. In short, the record does not reflect that the mother was failing to address the child's medical issues prior to the grandmother obtaining custody. Thus, Family Court's determination that the grandmother did not demonstrate extraordinary circumstances is supported by a sound and substantial basis in the record (see Matter of Leslie LL. v Robert NN., 208 AD3d 1479, 1482 [3d Dept 2022]; Matter of Elizabeth SS. v Gracealee SS., 135 AD3d 995, 997 [3d Dept 2016]). As Family Court aptly noted, a nonparent may not displace a parent solely because he or she may be more attentive to the child's health (see Matter of Bennett v Jeffreys, 40 NY2d 543, 548 [1976]; Matter of Amber B. v Scott C., 207 AD3d at 849). Additionally, Family Court appropriately limited its determination to the existence of extraordinary circumstances, as an inquiry relative to the child's best interests is not allowed until this initial determination is made (see Matter of Anne MM. v Vasiliki NN., 203 AD3d 1476, 1479 [3d Dept 2022]; Matter of Hawkins v O'Dell, 166 AD3d 1438, 1440 [3d Dept 2018]).
Clark, J.P., Aarons, Fisher and McShan, JJ., concur,
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The father and the attorney for the child seek to affirm the December 8, 2022 order.