Matter of John XX. v Cathy YY. (2025 NY Slip Op 06568)

Matter of John XX. v Cathy YY.

2025 NY Slip Op 06568

Decided on November 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 26, 2025

CV-24-0479
[*1]In the Matter of John XX. et al., Respondents,
v
Cathy YY., Respondent, and Kevin YY., Appellant.

Calendar Date:October 17, 2025

Before:Clark, J.P., Pritzker, Lynch, Powers and Mackey, JJ.

Barbara Ann Montena, Ballston Spa, for appellant.
Cheryl L. Sovern, Malta, for John XX. and another, respondents.
Lisa A. Burgess, Indian Lake, for Cathy YY., respondent.
Nicole R. Rodgers, Saratoga Springs, attorney for the children.

Lynch, J.
Appeal from an order of the Family Court of Saratoga County (Amy Knussman, J.), entered February 27, 2024, which granted petitioners' application, in a proceeding pursuant to Family Ct Act article 6, for custody of respondents' children.
Respondent Kevin YY. (hereinafter the father) and respondent Cathy YY. (hereinafter the mother) are the parents of two children (born in 2010 and 2012). Petitioner John XX. (hereinafter the grandfather) and petitioner Michele XX. (hereinafter the grandmother; hereinafter collectively referred to as the grandparents) are the children's maternal grandparents. In February 2020, the Saratoga County Department of Social Services commenced abuse/neglect proceedings against the parents, following disclosures by both children that the father had sexually abused them. The abuse petition against the father was resolved when he consented to a finding, without admission, that he had committed the alleged acts.[FN1] Temporary orders of protection were issued and extended multiple times during the pendency of these proceedings prohibiting the father from having contact with the children, except as authorized by their therapist. The mother also consented to a finding of neglect but was permitted to retain custody of the children, subject to her compliance with certain orders of supervision.
In July 2023, the grandmother — who resides with the grandfather in Florida —visited the mother and the children in New York due to concerns about conditions at the mother's residence and the children's well-being. Shortly thereafter, the mother and the children returned to Florida with the grandmother and have resided there ever since. In August 2023, the grandparents commenced this Family Ct Act article 6 proceeding seeking custody of the children. Following a fact-finding hearing, at which the mother consented to relief in favor of the grandparents, Family Court granted the grandparents sole legal and physical custody, with parenting time to the mother and virtual therapeutic visitation with the father, to be facilitated through a mental health professional. Simultaneously, the court issued orders of protection in favor of the children prohibiting all contact except as authorized by the terms of the custody order.[FN2] The father appeals, and we affirm.
"[A] parent has a claim of custody to his or her children that is superior to that of all others, absent surrender, abandonment, persistent neglect, unfitness, disruption of custody over a prolonged period of time or the existence of other extraordinary circumstances" (Matter of Sonya M. v Tabu N.,198 AD3d 1206, 1208 [3d Dept 2021] [internal quotation marks, brackets and citations omitted], lvs denied 38 NY3d 901 [2022], 38 NY3d 902 [2022]; see Matter of Tamara GG. v Danielle HH.,238 AD3d 1246, 1247 [3d Dept 2025]). "Examples of behaviors that may, in the aggregate, rise to the level of extraordinary circumstances include allowing the children to live in squalor, failing to address serious substance [*2]abuse or mental health issues [and] instability in the parent's housing or employment situation" (Matter of Renee TT. v Britney UU., 133 AD3d 1101, 1103 [3d Dept 2015]; accord Matter of Anne MM. v Vasiliki NN.,203 AD3d 1476, 1478 [3d Dept 2021]). If the nonparents demonstrate extraordinary circumstances, "Family Court may then proceed to the issue of whether an award of custody to the nonparent[s], rather than the parent, is in the child[ren]'s best interests" (Matter of Lisa F. v Thomas E., 211 AD3d 1367, 1369 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Candy II. v Kandice HH.,236 AD3d 1156, 1158 [3d Dept 2025]). "The court's custody determination will not be disturbed so long as it is supported by a sound and substantial basis in the record" (Matter of Lisa F. v Thomas E.,211 AD3d at 1369 [internal quotation marks and citations omitted]; see Matter of Amber B. v Scott C.,207 AD3d 847, 848 [3d Dept 2022]).
The father seemingly concedes that he is presently unfit to care for the children due to the orders of protection, as well as his lack of income and appropriate housing. Instead, he argues that the grandparents did not prove extraordinary circumstances with respect to the mother. We disagree. Preliminarily, the mother consented to a finding of extraordinary circumstances and effectively relinquished custody of the children to the grandparents (see Matter of Jared MM. v Mark KK.,205 AD3d 1084, 1089 [3d Dept 2022]).[FN3] In any event, the grandmother testified that she travelled to the mother's residence in July 2023, upon learning that the mother was at risk of eviction due to deplorable conditions in her home [FN4] and that the children could be placed in foster care. When the grandmother arrived, she observed the apartment in a state of "abject filth." She explained that the mother suffers from serious mental health conditions and was experiencing a psychiatric episode at that time. After the grandmother cleaned the apartment, the grandmother, the mother and the children all travelled back to Florida for what was supposed to be a "two-week vacation." Unfortunately, immediately upon arriving in Florida, the mother became "very, very ill" and was admitted to a hospital for treatment of a pituitary gland tumor. To date, the treatment has been effective, but she requires ongoing care from a specialist in Florida. Additionally, the mother continues to struggle with mental health issues and, although she receives medication and has made significant improvements, the record reflects that she is unable to independently care for herself or the children. Given the foregoing, Family Court reasonably concluded that the mother's compromised health constitutes extraordinary circumstances (see Matter of Michael P. v Joyce Q., 191 AD3d 1199, 1202 [3d Dept 2021]; Matter of Tamika B. v Pamela C.,187 AD3d 1332, 1336 [3d Dept 2020])
Accordingly, our analysis turns to the best interests of the children (see Matter of Ronda A. v Jennifer [*3]A., 224 AD3d 1130, 1132 [3d Dept 2024]; Matter of Autumn B. v Jasmine A.,220 AD3d 1073, 1075 [3d Dept 2023], lv denied 41 NY3d 901 [2023]).[FN5] The children have been enrolled in school in Florida since approximately August 2023, are progressing well academically and behaviorally, and are engaged in extracurricular activities. The grandparents have taken on virtually all childcare responsibilities, including meals, laundry, transportation and school preparations, without financial support from the mother or the father. While the grandparents did not have a substantial role in the children's lives prior to the relocation, under the totality of the circumstances, Family Court's decision to award sole legal and physical custody to the grandparents is supported by a sound and substantial basis in the record (see Ronda A. v Jennifer A.,224 AD3d at 1131-1132; Matter of Jared MM. v Mark KK.,205 AD3d at 1089).
Finally, the father contends that Family Court should have permitted him to have supervised parenting time with the children. We disagree. At the outset, we note that in-person supervised parenting time is impracticable since the father continues to reside in New York. Family Court also appropriately limited the father to virtual therapeutic visitation, in light of his consent to a finding of sexual abuse and lack of remorse. When asked if he felt like he wronged the children, the father astonishingly responded, "absolutely not." While the father claimed that prior supervised visits with the older child went well, this self-serving testimony is uncorroborated by the record. Under these circumstances, we readily conclude that Family Court's restrictions on the father's visitation are supported by a sound and substantial basis in the record (see Matter of Jared MM. v Mark KK.,205 AD3d at 1090; Matter of Abass D. [Mamadou D.],166 AD3d 517, 518 [1st Dept 2018]; Matter of Robert TT. v Carol UU.,300 AD2d 920, 922 [3d Dept 2002]).[FN6]
Clark, J.P., Pritzker, Powers and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The father was also arrested and pleaded guilty to a reduced charge of endangering the welfare of a child.

Footnote 2: The orders of protection expire on each child's 18th birthday.

Footnote 3: Insofar as the father argues that the mother's consent was insufficient to warrant a finding of extraordinary circumstances, we note that "[a] prior consent order, standing alone, does not constitute a judicial finding or an admission of surrender, abandonment, unfitness, neglect or other extraordinary circumstances" (Matter of Amber VV. v Colleen WW.,235 AD3d 1197, 1198 [3d Dept 2025] [internal quotation marks and citations omitted; emphasis added]; accord Matter of Tyler T. v Brianna W.,239 AD3d 1067, 1069 [3d Dept 2025]). However, here, the mother consented to the instant order granting custody to the grandparents and we see no reason to question the validity or sincerity of that consent, given that the mother continues to support Family Court's determination in her brief on appeal.

Footnote 4: The grandfather also traveled to New York to clean up the mother's apartment in March 2023, indicating that she is incapable of maintaining the apartment in adequate condition.

Footnote 5: This is not a typical relocation case, as the grandparents were not the children's custodians when they filed their petition (see Matter of Tamara XX. v William YY.,199 AD3d 1244, 1245-1246 n 3 [3d Dept 2021]). However, because granting the petition would essentially cement the children's relocation to Florida, it must be considered as part of the best interests analysis (see id. at 1246).

Footnote 6: Additionally, "although not determinative, Family Court's custody [and visitation] determination is consistent with the position of the attorney for the children" (Matter of Tiffany W. v James X.,196 AD3d 787, 792 [3d Dept 2021] [internal quotation marks, brackets and citation omitted]).