Matter of Stacy H. v Jessica T. (2026 NY Slip Op 00960)

Matter of Stacy H. v Jessica T.

2026 NY Slip Op 00960

Decided on February 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 19, 2026

CV-25-0511
[*1]In the Matter of Stacy H., Appellant,
vJessica T. et al., Respondents, and William ., Respondent.

Calendar Date:January 6, 2026

Before:Garry, P.J., Reynolds Fitzgerald, McShan, Powers and Mackey, JJ.

Lisa K. Miller, McGraw, for appellant.
Christopher Hammond, Cooperstown, for William V., respondent.
Daniel P. Moskowitz, Monticello, attorney for the child.

Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Delaware County (Gary Rosa, J.), entered February 13, 2025, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the subject child.
Respondent Jessica T. (hereinafter the mother) and respondent Emmanuel T. (hereinafter the father) are the parents of a daughter (hereinafter the daughter, born in 2016). The mother and respondent William V. (hereinafter the former boyfriend) began a relationship in approximately 2018, have a son in common and resided together as a family unit with both children until approximately 2023. In July 2024, the Department of Social Services, Child Protective Services (hereinafter CPS) placed the daughter in the former boyfriend's physical custody. Thereafter, the former boyfriend filed a custody petition seeking custody of the daughter. Also in July 2024, petitioner (hereinafter the grandmother) sought custody of the daughter. In December 2024, Family Court entered an order on consent under the former boyfriend's proceeding granting joint legal custody of the daughter to the mother and the former boyfriend, residential custody to the former boyfriend and awarding the mother parenting time as the parties agreed. Shortly thereafter, Family Court added the former boyfriend as a respondent to the grandmother's custody petition. Following a fact-finding hearing,[FN1] the court dismissed the grandmother's custody petition finding that the grandmother failed to prove extraordinary circumstances sufficient to establish standing, thus a best interests of the child analysis was not required. The grandmother appeals, and we affirm.
Where a parent makes a voluntary custodial arrangement for his or her child, a court may not permit a nonparent to interfere with that arrangement, absent the nonparent demonstrating extraordinary circumstances (see Matter of Leslie LL. v Robert NN., 208 AD3d 1479, 1481 [3d Dept 2022]; Matter of Lawrence v Lawrence, 275 AD2d 985, 985 [4th Dept 2000]). "An extraordinary circumstances inquiry involves consideration of the cumulative effect of all issues present in a given case and requires the nonparent to establish that there has been surrender, abandonment, persistent neglect, unfitness, an extended disruption of custody or other like circumstances" (Matter of Leslie LL. v Robert NN., 208 AD3d at 1481 [internal quotation marks and citations omitted]; see Matter of Lisa F. v Thomas E., 211 AD3d 1367, 1368 [3d Dept 2022]). "A nonparent bears the heavy burden of establishing that there are extraordinary circumstances and, thus, that he or she has standing to seek custody of another person's child" (Matter of Donna SS. v Amy TT., 149 AD3d 1211, 1212 [3d Dept 2017] [citations omitted]; see Matter Tamika B. v Pamela C., 187 AD3d 1332, 1335 [3d Dept 2020]). "A finding of extraordinary circumstances is rare, and the circumstances must be such that they drastically affect the welfare of the child" (Matter of Thompson v [*2]Bray, 148 AD3d 1364, 1365 [3d Dept 2017] [internal quotation marks and citations omitted]). "If, and only if, the nonparent establishes extraordinary circumstances may a court then consider what custodial arrangement serves the best interests of the child" (Matter of Hawkins v O'Dell, 166 AD3d 1438, 1440 [3d Dept 2018] [internal quotation marks, brackets and citations omitted]; see Matter of Jared MM. v Mark KK., 205 AD3d 1084, 1087 [3d Dept 2022]). "Family Court's determination will not be disturbed if it is supported by a sound and substantial basis in the record" (Matter of Amber B. v Scott C., 207 AD3d 847, 848 [3d Dept 2022] [citations omitted]).
The grandmother testified at the hearing that she had custody of the daughter for approximately one and a half years when the child was very young and has remained very involved in her life and has a room in her apartment for the daughter. "We note that extraordinary circumstances may not be established merely by showing that the child has bonded psychologically with the nonparent" (Matter of Pettaway v Savage, 87 AD3d 796, 797 [3d Dept 2011] [internal quotation marks and citation omitted], lv denied 18 NY3d 801 [2011]; see Matter of Amber B. v Scott C., 207 AD3d at 849). She further stated that she has many concerns regarding the mother and the former boyfriend; however, she could not articulate with specificity any of these concerns, except that she believes the former boyfriend is an alcoholic. On cross-examination, the grandmother relayed that she does not have a good relationship with the mother; however, she did not contact the police, CPS or seek custody of the child during the time that the mother and the former boyfriend lived together with the daughter. The grandmother confirmed that she recently has repeatedly contacted CPS concerning the former boyfriend but does not know the results of these calls.
The former boyfriend testified that he lived with the daughter and the mother for approximately five and a half years and he became a father figure to the daughter. After he and the mother separated, he remained in contact with the daughter and frequently took her on visitations. The former boyfriend stated that he voluntarily sought treatment for alcoholism in 2016 and denied being an alcoholic, although he admitted he had a conviction in 2019 for driving under the influence. He relayed that he received physical custody of the daughter when CPS gave him protective custody on July 5, 2024. He stated that he has a two-bedroom apartment, in which the daughter has a separate bedroom, that was inspected and approved by CPS. Additionally, he stated that he does not have any indicated CPS reports. Deferring to Family Court's factual findings and credibility determinations, we find that there is a sound and substantial basis in the record to conclude that the grandmother failed to meet her heavy burden of demonstrating extraordinary circumstances (see Matter of Leslie LL. v Robert NN., 208 AD3d at [*3]1482; Matter of Amber B. v Scott C., 207 AD3d at 849).[FN2]
Garry, P.J., McShan, Powers and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The mother and the father both defaulted by failing to appear at the hearing and have not appeared on this appeal.

Footnote 2: Although certainly not dispositive, it is important to recognize that the attorneys for the daughter have not supported the grandmother's position.