Matter of Abdoch v Abdoch
2026 NY Slip Op 03219
May 21, 2026
Court of Appeals
Singas, J.
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of David J. Abdoch, Respondent,
v
Fonda D. Abdoch, Respondent. Alison Bates, Esq., Attorney for the Children, Appellant.

Decided on May 21, 2026
No. 38

Alison Bates, for appellant.
Jane I. Yoon, for respondent Fonda D. Abdoch.

Singas, J.

[*1]
The question of whether an attorney for the child (AFC) has the authority to appeal a custody determination made pursuant to Family Court Act article 6 has divided the Appellate Division. We hold that under the plain language of the Family Court Act, an AFC has the authority to appeal a custody determination when the subject child is aggrieved. We therefore reverse the Appellate Division order dismissing the appeal and remit for further consideration.
In proceedings pursuant to article 6 of the Family Court Act, the child may be represented by an attorney appointed at the court's discretion (see Family Ct Act § 249 [a]). The AFC must zealously represent the child's interests, including by advocating for the child's wishes in Family Court (see 22 NYCRR 7.2 [d] [1]-[3]). When an AFC has been appointed by Family Court, their appointment continues without further action by that court when either "the attorney [*2]on behalf of the child files a notice of appeal, or . . . a party to the original proceeding files a notice of appeal" (Family Ct Act § 1120 [b]).
The Appellate Division Departments have split over whether an AFC can appeal a custody determination on behalf of their client when neither parent-party has appealed. The Second Department has endorsed the AFC's authority to appeal on behalf of their client, emphasizing that the Family Court Act expressly "recognizes that an [AFC] has the right to pursue an appeal on behalf of the child" because it permits the AFC to file a notice of appeal (Matter of Newton v McFarlane, 174 AD3d 67, 72-73 [2d Dept 2019]). The First and Third Departments have adopted the Second Department's reasoning (see Matter of Kylie P. [Carlos P.—Karen G.], 213 AD3d 463, 463 [1st Dept 2023]; Matter of Amber B. v Scott C., 207 AD3d 847, 848 n 1 [3d Dept 2022]). The Fourth Department has taken a different approach, dismissing appeals taken solely by an AFC when neither parent-party appeals or otherwise indicates their support for the child's appeal, reasoning that a "child in a custody matter does not have 'full-party status' " and therefore cannot force their parent to " 'litigate a petition that [they] ha[ve] since abandoned' " (Matter of Lawrence v Lawrence, 151 AD3d 1879, 1879 [4th Dept 2017], quoting Matter of McDermott v Bale, 94 AD3d 1542, 1543 [4th Dept 2012], and Matter of Kessler v Fancher, 112 AD3d 1323, 1324 [4th Dept 2013]; cf. Matter of Muriel v Muriel, 228 AD3d 1345, 1346-1347 [4th Dept 2024] [reaching the merits of an AFC's appeal because the mother had attempted to file her own appeal and supported the AFC's appellate arguments]).
This appeal concerns a Family Court proceeding involving mother, father, and their four children. Mother and father had an agreed-upon custody order providing that the children lived primarily with mother. Father petitioned to modify the custody order, and mother opposed in a competing petition. The attorney appointed to represent the four children opposed father's petition and advocated that the children wished to continue living primarily with mother. Family Court issued an order determining that modification was warranted and awarding the parents joint custody "with designated zones of influence" and shared residency. The AFC noticed an appeal from Family Court's order. Although mother did not file her own appeal, she appears to have filed a letter with the Appellate Division supporting the children's appeal. Father did not appear in connection with the appeal. The Appellate Division dismissed the appeal, following Fourth Department precedent holding that children in custody matters cannot appeal independent of [*3]the parent-parties (see 235 AD3d 1251, 1251 [4th Dept 2025], citing Lawrence, 151 AD3d at 1879). We granted the AFC leave to appeal to this Court (see 44 NY3d 902 [2025]).
We hold that the Family Court Act authorizes an AFC to appeal on behalf of their client. Family Court Act § 1120 (b) provides that the AFC's appointment continues when "the attorney on behalf of the child files a notice of appeal." In turn, section 1115 provides that an appeal is taken by filing a notice of appeal, which begins the appellate process (see Family Ct Act § 1115). Reading these two sections in harmony, the Family Court Act clearly authorizes an AFC to appeal a Family Court decision on behalf of their client (cf. Matter of Marian T. [Lauren R.], 36 NY3d 44, 49 [2020], quoting Matter of Mestecky v City of New York, 30 NY3d 239, 243 [2017] [when " 'statutory language . . . is but one component in a larger statutory scheme, it must be analyzed in context and in a manner that harmonizes the related provisions and renders them compatible' "]). To hold otherwise would render section 1120 (b)'s relevant language without practical effect.
The Family Court Act plainly authorizes an AFC to appeal on behalf of the subject child even though the child is not a full party to the custody proceedings. However, the subject child—like any appealing party—must still meet the CPLR's aggrievement requirement and other applicable jurisdictional requirements (see CPLR 5511 [only an "aggrieved party" may appeal]; Family Ct Act § 165 [a] [Family Court proceedings follow the provisions of the CPLR unless a different procedure is set forth in the Family Court Act]). Here, the children were aggrieved as the AFC argued against modifying the original custody order designating mother as the primary custodial parent and advocated that the children wished to remain primarily with her, but Family Court modified the custody order by awarding mother and father joint custody and shared residency.
We hold only that an AFC is authorized to appeal a custody determination on behalf of an aggrieved child. We have no occasion to address how a parent's participation or failure to participate in an appeal may bear on other issues raised on such an appeal.
Accordingly, the order of the Appellate Division should be reversed, without costs, and the matter remitted to the Appellate Division for consideration of the facts and issues raised but not determined on appeal to that Court.
Order reversed, without costs, and matter remitted to the Appellate Division, Fourth Department, for consideration of the facts and issues raised but not determined on appeal to that Court. Opinion by Judge Singas. Chief Judge Wilson and Judges Rivera, Garcia, Cannataro, Troutman and Halligan concur.
Decided May 21, 2026