Matter of Michele D. v Jessica F.
2026 NY Slip Op 03859
June 18, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Michele D., Appellant, et al., Petitioner,
v
Jessica F., Respondent.

Decided and Entered:June 18, 2026
CV-25-0287
Calendar Date: April 29, 2026
Before: Clark, J.P., Aarons, Pritzker, Mackey And Corcoran, JJ.

Finger Lakes Law Group, Penn Yan (Carl J. Schwartz Jr. of counsel), for appellant.
Michelle I. Rosien, Philmont, for respondent.
Pamela Doyle Gee, Big Flats, attorney for the child.

[*1]
Clark, J.P.
Appeal from an order of the Family Court of Chemung County (Mary Tarantelli, J.), entered August 5, 2024, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition.
Petitioner Michele D. (hereinafter the great-grandmother) is the paternal great-grandmother of the subject child (born in 2020) and respondent (hereinafter the mother) is the child's mother. Pursuant to a prior mediated custody agreement that resulted in a March 2022 order, the mother shared joint legal and physical custody of the child with the child's father until the father's death in September 2023. In March 2024, the great-grandmother commenced this proceeding seeking visitation with and/or joint custody of the subject child.FN1 Subsequently, the mother moved to dismiss the petition for, among other things, failure to state a cause of action under CPLR 3211 (a) (7), which the great-grandmother opposed. Family Court held that the great-grandmother did not have standing to seek visitation and that she failed to allege the existence of extraordinary circumstances sufficient to support a claim for custody as a nonparent. Accordingly, Family Court granted the mother's motion to dismiss without conducting a hearing. The great-grandmother appeals.FN2
Preliminary, we agree with Family Court that the great-grandmother lacks standing to seek visitation with the child. Although Domestic Relations Law § 72 creates a statutory framework under which grandparents can petition for visitation with a subject child (see Domestic Relations Law § 72 [1]; Matter of Judith DD. v Ahava DD., 172 AD3d 1488, 1488 [3d Dept 2019]), the statute, which must be strictly construed, does not provide a basis for great-grandparents to do so (see Matter of Rosella G. v Eileen B., 277 AD2d 379, 379 [2d Dept 2000]; People ex rel. Antonini v Tracey L., 230 AD2d 869, 869 [2d Dept 1996]; Matter of David M. v Lisa M., 207 AD2d 623, 624 [3d Dept 1994]). We decline the great-grandmother's request to abandon established precedent holding that great-grandparents do not have standing to petition for visitation under Domestic Relations Law § 72, and conclude that Family Court properly dismissed the great-grandmother's petition in that regard.
As for the great-grandmother's claim for joint legal custody, "[a] parent has a claim of custody to his or her child that is superior to all other persons, unless a nonparent establishes that there has been surrender, abandonment, persistent neglect, unfitness, an extended disruption of custody or other like extraordinary circumstances" (Matter of Ronda A. v Jennifer A., 224 AD3d 1130, 1131 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Bennett v Jeffreys, 40 NY2d 543, 546 [1976]). "A nonparent bears the heavy burden of establishing that there are extraordinary circumstances and, thus, that he or she has standing to seek custody of another person's child" (Matter of Stacy H. v Jessica T., 246 AD3d 1279, 1280[*2][3d Dept 2026] [internal quotation marks and citations omitted]). "If, and only if, the nonparent establishes extraordinary circumstances may a court then consider what custodial arrangement serves the best interests of the child" (Matter of Leslie LL. v Robert NN., 208 AD3d 1479, 1481 [3d Dept 2022] [internal quotation marks and citations omitted]).
When analyzing a pre-answer motion to dismiss under CPLR 3211, we must construe the petition liberally, "accept the facts as alleged in the petition as true, accord the petitioner the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable theory" (Matter of Romena Q. v Edwin Q., 133 AD3d 1148, 1149 [3d Dept 2015] [internal quotation marks, brackets and citations omitted]; see Matter of Wayman v Ramos, 88 AD3d 1237, 1239 [3d Dept 2011], lv dismissed 18 NY3d 868 [2012]). Here, the great-grandmother asserted in the petition that the child "resided in her home every other week" when the father was still alive, that she continued to care for the child for a period of time after the father's death, that she was well-bonded with the child and that this bond was disrupted by the mother's cessation of visitation. The petition also alleged that the mother has experienced housing instability and that the child cried when being returned to the mother's care following visits with the great-grandmother.FN3
Even when "[l]iberally construing" such allegations, accepting them as true, and providing the great-grandmother with the benefit of every favorable inference, she failed to "set forth sufficient facts which, if established, could support a finding of extraordinary circumstances" (Matter of Wayman v Ramos, 88 AD3d at 1240). Indeed, "extraordinary circumstances may not be established merely by showing that the child has bonded psychologically with the nonparent" (Matter of Stacy H. v Jessica T., 246 AD3d at 1280 [internal quotation marks and citations omitted]; see Matter of Amber B. v Scott C., 207 AD3d 847, 849 [3d Dept 2022]), and the cursory allegations of housing instability, temporary caregiving and general concern for the child's well-being likewise do not support a claim of persistent neglect, unfitness on the part of the mother, or other like extraordinary circumstances (see Matter of Linda UU. v Dana VV., 212 AD3d 906, 909 [3d Dept 2023], lv denied 39 NY3d 913 [2023]; Matter of Donna SS. v Amy TT., 149 AD3d 1211, 1215 [3d Dept 2017]). As the petition did not sufficiently allege the existence of extraordinary circumstances, Family Court properly dismissed so much of the petition as sought joint legal custody without conducting an evidentiary hearing or a best interests analysis (see Matter of Smith v Dixon, 214 AD3d 889, 889 [2d Dept 2023]; Matter of Gerber v Gerber, 141 AD3d 901, 902 [3d Dept 2016]; Matter of Mary GG. v Alicia GG., 106 AD3d 1410, 1412 [3d Dept 2013], lv denied 21 NY3d 863 [2013]). The great-grandmother's remaining contentions[*3], to the extent not expressly addressed, have been considered and found unavailing.
Aarons, Pritzker, Mackey and Corcoran, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1
The child's stepgreat-grandmother was originally listed on the caption of the petition, having jointly petitioned for visitation and custody with the great-grandmother. However, the stepgreat-grandmother ultimately withdrew her petition and is not a party to this appeal.

Footnote 2
The attorney for the child on appeal argues that Family Court properly found that the great-grandmother lacked standing to seek visitation and properly dismissed the great-grandmother's petition.

Footnote 3
To the extent that the record on appeal and the great-grandmother's brief contain information that was not before Family Court, "[i]t is well settled that this Court is limited to reviewing facts contained in the record and any arguments based thereon and we will therefore not consider arguments founded upon information outside the record" (Matter of Jorling v Adirondack Park Agency, 214 AD3d 98, 101-102 [3d Dept 2023] [internal quotation marks and citations omitted]).